## UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |
|---|---|
| CAMBRIDGE CHRISTIAN SCHOOL, INC. | ) |
| | ) |
| Plaintiff, | ) Civ No. |
| | ) |
| v. | ) |
| | ) |
| FLORIDA HIGH SCHOOL ATHLETIC | ) |
| ASSOCIATION, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

### VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Cambridge Christian School, Inc. ("Cambridge Christian"), by and through undersigned counsel, hereby files this Verified Complaint against Defendant, Florida High School Athletic Association, Inc. (the "FHSAA"), and alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action, pursuant to the United States Constitution, the Florida Constitution, and the Florida Religious Freedom Restoration Act, to enjoin the FHSAA from unlawfully censoring Cambridge Christian's private religious speech through actions that discriminate between religious and secular speech at FHSAA administered sporting events.

2.      Cambridge Christian's football team earned the right to play for the Class 2A Florida state football championship, which was held at the Camping World Stadium (formerly known as the Citrus Bowl) (the "Stadium") in Orlando, Florida, on December 4, 2015. Cambridge Christian had engaged in pre-game prayer over the loudspeaker at every playoff game and home game during the season, and it intended to carry on its tradition of pre-game

GREENBERG TRAURIG, P.A. ▪ ATTORNEYS AT LAW ▪ WWW.GTLAW.COM

prayer over the loudspeaker at the state championship football game. In this regard, both Cambridge Christian and its opponent, another private Christian school, planned to lead their students, teachers and fans in a joint communal prayer before the game. The size of the venue required the use of the stadium loudspeaker so that the prayer could actually be heard, just like the other private announcements and advertisements made before, during, and after the game. Accordingly, the schools made a joint request to the FHSAA, the governing body for high school athletics in the state of Florida, to use the loudspeaker to offer a pre-game prayer.

3.     The FHSAA denied the schools' request, prohibiting them from using the loudspeaker for prayer, on the sole basis that that the proposed private speech was religious in nature.

4.     By rejecting Cambridge Christian's request for pre-game prayer over the loudspeaker on the basis of its religious character and viewpoint, the FHSAA unlawfully prohibited Cambridge Christian's private religious speech and unreasonably burdened its right to freedom of speech and free exercise of religion. In so doing, the FHSAA violated Cambridge Christian's civil and religious rights under the United States and Florida Constitutions and the Florida Religious Freedom Restoration Act, Fla. Stat. § 761.01 *et seq*.

## THE PARTIES, JURISDICTION, AND VENUE

5.     Cambridge Christian is a non-profit corporation organized under the laws of the State of Florida. Cambridge Christian has its principle place of business in Hillsborough County, Florida. Cambridge Christian operates Cambridge Christian School,[1] an independent Christian school located in Tampa, Florida.

6.     The FHSAA, is a non-profit corporation organized under the laws of the State of

---

[1] Both Cambridge Christian School, Inc. and Cambridge Christian School are referred to herein collectively as "CCS".

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

Florida. The FHSAA has its principle place of business in Alachua County, Florida.

7.     This Court has original, federal-question, subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises under the United States Constitution and laws of the United States, specifically 42 U.S.C. § 1983, which provides a cause of action for violation of Cambridge Christian's rights by persons, like Defendant, acting under color of state law. The Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367 because these claims are so related to the federal law claims alleged in the action that they form part of the same case or controversy under Article III of the United States Constitution.

8.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

9.     This Court has authority to declare the rights and legal relations of the parties and to order further relief, pursuant to 28 U.S.C. §§ 2201–02, because this is a case of actual controversy within this Court's jurisdiction wherein Cambridge Christian is suffering and will continue to suffer actual and irreparable injury to its constitutional rights as a direct consequence of the FHSAA's policies.

## FACTUAL ALLEGATIONS

### A.     Cambridge Christian School

10.    Cambridge Christian is an independent, co-educational, private Christian school providing daycare services and serving grades pre-kindergarten through twelve. Cambridge Christian is located in Tampa, Florida.

11.    Cambridge Christian has a clearly defined religious mission: "To glorify God in

3

all that [it does]; to demonstrate excellence at every level of academic, athletic, and artistic involvement; to develop strength of character; and to serve the local and global community."

12.     Student prayer is an integral component of Cambridge Christian's mission.  The school hosts chapel services for both its upper and lower schools, provides required coursework on religion, the Bible, and the Biblical worldview, and encourages teachers to begin class lectures with prayer.  Cambridge Christian also provides a room next to its chapel where students, parents, and faculty are encouraged to pray in response to various requests for prayer posted on the room's walls.

13.     Since its founding in 1964, prayer has been an integral component of Cambridge Christian's mission and is offered throughout the school year at, among other events, chapel services, parent and student gatherings, as well as prior to meals, around the flag pole, and to commission students, faculty, staff, administrators, buildings, and student trips and missions.

**B.     Lancers Athletics**

14.     Cambridge Christian's Athletic Department has its own mission statement that echoes the mission of Cambridge Christian:  "The Cambridge Christian School Athletic Department's chief end is to glorify Christ in every aspect of our athletic endeavors while using the platform of athletics to: Teach the Principles of Winning; Exemplify Christian Morals and Values in our Community; Achieve Maximum Physical, Moral and Spiritual Character Development; and Mentor Young Men and Women to Deeper Walk with Jesus."

15.     Cambridge Christian's athletic teams are referred to collectively by their mascot, the Lancers.

16.     By long-standing tradition, Cambridge Christian student-athletes, their parents, and fans are led in prayer by a parent or student or member of the school faculty or

4

administration before every Cambridge Christian sporting event. The opening prayer is given using the loudspeaker at all home games and at away games when possible. Cambridge Christian has prayed over the loudspeaker at the beginning of Cambridge Christian athletic events for decades. Cambridge Christian faculty, parents, or students typically lead the prayer, which lasts for approximately 30–60 seconds.

17.     Cambridge Christian founded its football program in 2003. Since that time, the football team has participated in Cambridge Christian's tradition of pre-game prayer over the loudspeaker at each home game and at away games when possible.

18.     Using the loudspeaker is important to Cambridge Christian's tradition of prayer because it allows the Cambridge Christian community to come together in prayer. In most sports venues, this union of students, parents, faculty, administration, coaches, and fans in prayer is not possible without the use of the loudspeaker because the venues are too large for a human voice to be heard, without amplification, throughout the entire venue.

19.     At football games in particular, because of the size of the fields, the venue being outdoors, and the noise generated by those in attendance, Cambridge Christian cannot engage in a community prayer without the use of a loudspeaker.

**C.     The FHSAA**

20.     In 1997, the Florida Legislature designated the FHSAA as the governing nonprofit organization of Florida high school athletics. *See* Fla. Stat. § 1006.20 (2016). Through this statutory delegation of authority from the State of Florida and by its own admission, the FHSAA is a state actor.

21.     The FHSAA supervises and regulates interscholastic athletic programs for Florida high school students at over 800 member schools, including hundreds of private and religious

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

schools.

22.     The FHSAA is headquartered in Gainesville, Florida.  The executive director of the FHSAA is Dr. Roger Dearing.

23.     Any public, private, charter, virtual, or home education cooperative high school in Florida may become a member of the FHSAA by completing a membership application and agreeing to adopt and abide by the FHSAA Bylaws and policies.

24.     Under Article 2.7 of the FHSAA Bylaws, 2015–2016 Edition, the FHSAA pledges not to discriminate in its governance policies and programs on the basis of religion.

25.     Cambridge Christian is a member of the FHSAA.  For the 2015 season, the Cambridge Christian Lancers football team played in the FHSAA's Division 2A.

26.     The FHSAA divisions are determined by the number of schools and enrollment sizes; the divisions are divided evenly to the best extent possible and then approved by the FHSAA's board of directors.  In 2015, Cambridge Christian was one of 20 private, Christian schools that played in Division 2A.

27.     Annually, the FHSAA sponsors over 3,600 championship series games across 32 sports, crowning 141 teams and 294 individuals state champions.  The FHSAA organizes and oversees the championship games for all Florida high school athletics across all of the FHSAA Divisions.

28.     In 2015, all of the FHSAA football championship games were played in the Stadium.

29.     The Stadium has been used to host high school, collegiate, and professional football games throughout its history.  It has also hosted amateur and professional soccer matches (including the 2004 Men's World Cup), rock concerts and festivals (including acts such

6

as the Rolling Stones and Van Halen), Wrestlemania (which it hosted in 2008 and will host again in 2017), and religious gatherings, including religious crusades led by the Reverend Billy Graham.

30.     The Stadium has a regular capacity of 41,000 spectators for football games. The record attendance at the Stadium was for Wrestlemania XXIV, attended by 74,635 fans. In April 2016, the Stadium was re-named Camping World Stadium, after the Kentucky-based recreational vehicle retailer purchased the naming rights for the stadium.

### D.     The Cambridge Christian Lancers' 2015 Football Season

31.     The Cambridge Christian Lancers played thirteen games during the 2015 regular season, hosting home games at Skyway Park, a public facility in Tampa owned by Hillsborough County. The Cambridge Christian Lancers had a 9-0 record during the 2015 regular season, qualifying them for the 2A Division playoffs.

32.     As it had done in prior seasons and in accordance with its tradition, Cambridge Christian opened each home regular season game as well as away games, whenever possible, with a prayer over the loudspeaker. Cambridge Christian did not pre-select or pre-approve an official prayer for delivery over the loudspeaker, nor did it provide a script or any direction to those leading the prayer; rather, the speakers chose and delivered their messages themselves.

33.     Cambridge Christian hosted its first playoff game against Northside Christian School at Skyway Park. Before kickoff, the team prayed over the loudspeaker as it had prior to all other home and playoff games during the 2015 season. The Cambridge Christian Lancers also prayed over the loudspeaker before kickoff during the next playoff games it hosted, against Admiral Farragut Academy and First Baptist Academy.

34.     The Cambridge Christian Lancers' final playoff game (the "2015 2A

Championship Game") was against University Christian School ("University Christian"), a school with a similar mission and traditions involving prayer.

**E.    The FHSAA's Denial of the Request to Offer a Communal Prayer Using the Stadium Loudspeaker at the 2015 2A Championship Game**

35.    Pursuant to Article 4.3.2 of the FHSAA Bylaws, the 2A Division playoffs are administered by the FHSAA.  The FHSAA, in turn, has adopted Administrative Procedures to govern its operations.  A true and correct copy of the FHSAA Administrative Procedures is attached as **Exhibit A**.[2]

36.    According to FHSAA Administrative Procedure 3.1.8, the stadium loudspeaker is available for broadcast of private messages provided by host school management during playoff football games.

37.    In preparation for the championship games in each FHSAA Division, representatives from the FHSAA, the various finalist schools in each Division, and the Central Florida Sports Commission held a conference call on December 1, 2015.  Either shortly before or shortly after the call, the FHSAA circulated to the participating schools its 2015 FHSAA Football Finals Participant Manual ("the "Participant Manual").  A true and correct copy of the Participant Manual is attached as **Exhibit B.**

38.    During the December 1, 2015 conference call, the representatives of Cambridge Christian and University Christian asked to use the loudspeaker at the Stadium to lead their attending students, families, and fans in a joint pre-game prayer.  University Christian also explained that before the 2012 state championship game, which was also administered by the FHSAA, University Christian and Dade Christian School prayed over the Stadium loudspeaker.

---

[2]The FHSAA's Administrative Procedures are published on its web page at: www.fhsaa.org/sites/default/files/attachments/2015/08/18/node-22039/1516_procedures_3.pdf.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

39.     A representative from the FHSAA denied Cambridge Christian and University Christian's request to deliver a pre-game prayer over the Stadium loudspeaker.

40.     Because the Stadium is such a cavernous venue, it would be impossible for the Cambridge Christian and University Christian communities to join with one another in a community prayer without the use of the loudspeaker. As a result, the FHSAA's refusal to allow Cambridge Christian to use the loudspeaker deprived the Cambridge Christian and University Christian communities of their ability to come together in a joint prayer.

41.     On December 2, 2015, Tim Euler, on behalf of Cambridge Christian, sent an e-mail to Roger Dearing, Executive Director of the FHSAA, again requesting permission to deliver a pre-game prayer over the loudspeaker at the 2015 2A Championship Game. A true and correct copy of Mr. Euler's December 2, 2015 e-mail to Dr. Dearing is attached as **Exhibit C-1**.

42.     Shortly thereafter, Heath Nivens, the Head of School, of University Christian sent a similar e-mail to Dr. Dearing joining in Cambridge Christian's request. A true and correct copy of Mr. Nivens' December 2, 2015 e-mail to Dr. Dearing is attached hereto as **Exhibit C-2**.

**F.      The FHSAA's Denial of the Pre-game Prayer Request**

43.     Within hours of receiving the requests from Cambridge Christian and University Christian, Dr. Dearing, acting on behalf of the FHSAA, denied the requests via e-mail. A true and correct copy of Dr. Dearing's e-mail dated December 2, 2015 to Mr. Euler and Mr. Nivens is attached hereto as **Exhibit D.**

44.     In his e-mail, Dr. Dearing, after acknowledging that the FHSAA is a state actor, claimed that the FHSAA "cannot legally permit or grant permission" for use of the loudspeaker for prayer. Dr. Dearing's e-mail stated in relevant part:

> Although both schools are private and religious-affiliated institutions, the federal law addresses two pertinent issues that prevent us from granting your

GREENBERG TRAURIG, P.A. ▪ ATTORNEYS AT LAW ▪ WWW.GTLAW.COM

request.

First is the fact that the facility is a public facility, predominantly paid for with public tax dollars, makes the facility 'off limits' under federal guidelines and precedent court cases.

Second is the fact that in Florida Statutes, *the FHSAA (host and coordinator of the event) is legally a 'State Actor,' we cannot legally permit or grant permission for such an activity.*

I totally understand the desire, and why your request is made. However, *for me to grant the wish could subject this Association to tremendous legal entanglements.*

Ex. D. (Emphasis added.)

### G.    The 2015 2A FHSAA Championship Game

45.    On December 4, 2015, the Cambridge Christian Lancers played University Christian in the 2015 2A FHSAA Championship Game at the Stadium. Approximately 1,800 Cambridge Christian and University Christian supporters came to the Stadium to cheer on their respective teams.

46.    Messages from corporate sponsors lined the perimeter of the field. These were visible before the game, throughout the game, at halftime, and after the game.

47.    Messages from corporate sponsors were also displayed on the Stadium's video screen, or "Jumbotron," display before, during, and after the game, as well as during timeouts and at halftime.

48.    Before, during, and after the game, as well at halftime, the FHSAA public address announcer delivered various messages, including advertisements, commentary, and other communications, over the loudspeaker in addition to providing commentary on the game.

49.    Fans showed their school spirit through signs, banners, and placards containing individual messages in support of their team, before, during, and after the game, as well as at

GREENBERG TRAURIG, P.A. ▪ ATTORNEYS AT LAW ▪ WWW.GTLAW.COM

halftime.

50. Immediately prior to the start of the game, the two teams met at the 50-yard line to pray together as a sign of fellowship.

51. Pursuant to the FHSAA's decision prohibiting use of the loudspeaker for prayer, however, no prayer was offered over the loudspeaker.

52. Because of the size of the Stadium, the students, parents, and other Cambridge Christian and University Christian supporters in the stands could not hear the teams' midfield pre-game prayer. Thus, by denying access to the loudspeaker, the FHSAA denied the students, parents, and fans in attendance the right to participate in the players' prayer or to otherwise come together in prayer as one Christian community.

53. At halftime, the FHSAA gave each team 7 minutes for its cheerleading squad to perform. During that time, each school was permitted to, and Cambridge Christian did in fact, take control of the loudspeaker while its cheerleaders performed a halftime show.

54. Cambridge Christian's cheerleading coach played music of the school's choosing from her smart phone over the loudspeaker while the cheerleaders performed.

55. Although the Cambridge Christian Lancers did not win the 2015 2A FHSAA Championship Game, they enter the 2016 season with 20 returning players and aspirations to return to the state championship game.

**H.    The FHSAA's Continued Position on Prohibiting Private Prayer over the Loudspeaker**

56. On December 7, 2015, the FHSAA sent another e-mail to Cambridge Christian and University Christian elaborating on and reiterating its decision prohibiting the use of the Stadium loudspeaker for a joint prayer. A true and correct copy of the FHSAA's December 7, 2015 e-mail is attached as **Exhibit E**, and reads in pertinent part:

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

The issue of prayer over the PA system at the football game, [*sic*] is a common area of concern and one that has been richly debated – and decided in the courts of the United States.

*** 

The fact of the matter is that both schools involved had prayer on the field, both before and after the football game. The issue was never whether prayer could be conducted. The issue was, and is, that an organization [the FHSAA], which is determined to be a 'state actor,' cannot endorse or promote religion. The issue of prayer, in and of itself, was not denied to either team or anyone in the stadium. It is simply not legally permitted under the circumstances, which were requested by Mr. Euler.

57.     On January 27, 2016, the FHSAA posted a press release on its website reiterating its decision to prohibit prayer over the Stadium loudspeaker. A true and correct copy of the FHSAA's press release is attached hereto as **Exhibit F**. In the press release, the FHSAA again stated that as a "State Actor" it could not "legally permit" use of the Stadium loudspeaker by a private party for a community prayer.

58.     The FHSAA's repeated statements – including its press release on January 27, 2016 – reflect that the FHSAA's decision to deny Cambridge Christian and University Christian's joint request to deliver a prayer over the Stadium loudspeaker at the 2015 2A Championship Game is not limited to that single instance, but rather that the FHSAA has determined that it must deny any future requests for use of the loudspeaker to deliver a prayer at future FHSAA championship games in football and other sports. This determination amounts, in substance, to a policy banning pre-game prayer over the loudspeaker on account of its religious nature (the "Policy").

59.     Cambridge Christian has a well-founded fear that it will continue to be prohibited at future FHSAA championship series games from engaging in community prayer through the use of the loudspeaker as a result of the FHSAA's Policy.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

## COUNT I – VIOLATION OF THE FIRST AMENDMENT OF THE
## UNITED STATES CONSTITUTION

60.     Cambridge Christian incorporates into this Count its responses set forth above in Paragraphs 1 through 59 as if fully set forth herein.

61.     The First Amendment of the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech . . . ."

62.     The First Amendment applies to state and local governments through its incorporation by the Fourteenth Amendment.

63.     As a state actor, the FHSAA administers interscholastic athletics on behalf of the State of Florida pursuant to a delegation of authority from the Florida Legislature.

64.     During the 2015 2A Championship Game, the FHSAA permitted several secular messages, such as advertisements, commentary, and other communications, to be made over the Stadium loudspeaker as well as on the Stadium Jumbtron display.

65.     Pursuant to the Policy, however, the FHSAA denied Cambridge Christian's request to deliver a prayer over the loudspeaker during the 2015 2A Championship Game specifically because of the request's religious nature.

66.     The Policy intentionally places a substantial burden on Cambridge Christian's sincerely held religious beliefs by not allowing Cambridge Christian to partake in its religious tradition of pre-game prayer over the loudspeaker.

67.     The Policy is not neutral; and, the Policy is not generally applicable because it prohibits religious speech, and only religious speech, from being broadcast over the loudspeaker.

68.     The FHSAA's denial of Cambridge Christian's request for prayer over the loudspeaker, while allowing for secular messages to be delivered over the loudspeaker and other

13

Stadium communications media, constitutes content-based and viewpoint-based discrimination in contravention of the First Amendment of the United States Constitution.

69.     The FHSAA lacks any compelling state interest to deny Cambridge Christian's request for prayer over the loudspeaker.

70.     The Policy, in fact, does not support any legitimate, much less compelling governmental interest, and it is not narrowly tailored to advance any state interest.

71.     Accordingly the Policy, both facially and as applied to Cambridge Christian, violates the First Amendment to the United States Constitution.

72.     Thus, the Policy has discriminated against and, without injunctive relief, will continue to discriminate against Cambridge Christian's rights to free exercise of religion and free speech causing irreparable injury for which there is no adequate remedy at law.

WHEREFORE, as to Count I of this Complaint, Cambridge Christian respectfully requests the following relief:

    a.    Preliminary and permanent injunctive relief pursuant to 42 U.S.C. § 1983 enjoining the FHSAA from enforcing the Policy and requiring the FHSAA to implement a content-neutral policy for use of the Stadium loudspeaker that does not discriminate against religious speech;

    b.    Attorneys' fees and costs incurred as a result of this action pursuant to 42 U.S.C. § 1988; and

    c.    Such other and further relief that the Court deems just and proper.

### COUNT II – DECLARATORY JUDGMENT (FREE SPEECH AND FREE EXERCISE CLAUSES OF THE U.S. CONSTITUTION)

73.     Cambridge Christian incorporates into this Count its responses set forth above in Paragraphs 1 through 59 as if fully set forth herein.

74.     This is an action for declaratory judgment pursuant to 28 U.S.C §§ 2201–2202.

75.     Section 2201 of Title 28 of the United States Code provides that "any court of the

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ."

76.     A bona fide, actual, concrete, and continuing controversy exists between Cambridge Christian on one hand, and the FHSAA on the other, regarding whether the Policy violates the Free Exercise and Free Speech Clauses of the United States Constitution.

77.     The resolution of this live controversy requires a determination of the constitutionality of the Policy under the United States Constitution.

78.     Cambridge Christian seeks to enforce its right to private religious speech while the FHSAA denies that Cambridge Christian has any such right under the circumstances. Thus, Cambridge Christian and the FHSAA have adverse interests regarding whether the Policy violates the United States Constitution.

79.     The Policy and position taken by the FHSAA has substantially burdened and adversely affected Cambridge Christian's freedom of religious exercise and freedom of speech rights. This issue touches directly on the legal rights of the parties, and thus requires resolution by this Court.

80.     All of the persons or entities with an interest in this matter are presently and properly before this Court.

81.     The relief sought herein is not a mere advisory opinion, legal advice, or an answer to a question propounded for curiosity, and does not arise from an abstract disagreement.

WHEREFORE, as to Count II of this Complaint, Cambridge Christian respectfully requests the following relief:

a.     A declaratory judgment pursuant to 28 U.S.C. § 2201 that the Policy violates the Free Speech and Free Exercise Clauses of the United States Constitution;

b.     Preliminary and permanent injunctive relief pursuant to 28 U.S.C.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

§ 2202 enjoining the FHSAA from enforcing the Policy and requiring the FHSAA to implement a content-neutral policy for use of the Stadium loudspeaker that does not discriminate against religious speech;

c.   Attorneys' fees and costs incurred as a result of this action pursuant to 42 U.S.C. § 1988; and

d.   Such other and further relief that the Court deems just and proper.

## COUNT III – DECLARATORY JUDGMENT
## (ESTABLISHMENT CLAUSE OF THE U.S. CONSTITUTION)

82.   Plaintiff incorporates into this Count its responses set forth above in Paragraphs 1 through 59 as if fully set forth herein.

83.   This is an action for declaratory judgment pursuant to 28 U.S.C §§ 2201–2202.

84.   Section 2201 of Title 28 of the United States Code provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ."

85.   A bona fide, actual, concrete, and continuing controversy exists between Cambridge Christian on one hand, and the FHSAA on the other, regarding whether the Policy is required by the Establishment Clause of the United States Constitution.

86.   The resolution of this live controversy requires a determination of whether or not the Establishment Clause of the United States Constitution requires the Policy's prohibitions regarding prayer over the loudspeaker.

87.   The FHSAA believes that allowing Cambridge Christian to pray over the loudspeaker would transform Cambridge Christian's private speech into state-sponsored speech, while Cambridge Christian does not. Thus, Cambridge Christian and the FHSAA have adverse interests regarding whether the Policy violates the Establishment Clause of the United States Constitution.

88.   The Policy and position taken by the FHSAA has substantially burdened and

16

adversely affected Cambridge Christian's freedom of religious exercise and freedom of speech rights. This issue touches directly on the legal rights of the parties, and thus requires resolution by this Court.

89. All of the persons or entities with an interest in this matter are presently and properly before this Court.

90. The relief sought herein is not a mere advisory opinion, legal advice, or an answer to a question propounded for curiosity, and does not arise from an abstract disagreement.

WHEREFORE, as to Count III of this Complaint, Cambridge Christian respectfully requests the following relief:

    a.    A declaratory judgment pursuant to 28 U.S.C. § 2201 that the Policy is not required by the Establishment Clause of the United States Constitution;

    b.    Preliminary and permanent injunctive relief pursuant to 28 U.S.C. § 2202 enjoining FHSAA from enforcing the Policy and requiring the FHSAA to implement a content-neutral policy for use of the Stadium loudspeaker that does not discriminate against religious speech;

    c.    Attorneys' fees and costs incurred as a result of this action pursuant to 42 U.S.C. § 1988; and

    d.    Such other and further relief that the Court deems just and proper.

## COUNT IV – VIOLATION OF THE FLORIDA CONSTITUTION

91. Cambridge Christian incorporates into this Count its responses set forth above in Paragraphs 1 through 59 as if fully set forth herein.

92. Article 1, Section 3 of the Florida Constitution states that "[t]here shall be no law respecting the establishment of religion prohibiting or penalizing the free exercise thereof."

93. Article 1, Section 4 of the Florida Constitution states that "[n]o law shall be passed to restrain or abridge the liberty of speech or of the press."

94. As a state actor, the FHSAA governs Florida interscholastic high school athletics.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

95. During the 2015 FHSAA Championship Game, a public forum, the FHSAA permitted several secular messages, such as advertisements, commentary and other communications, to be made over the loudspeaker.

96. Pursuant to the Policy, however, the FHSAA denied Cambridge Christian's request for prayer over the loudspeaker during the 2015 FHSAA Championship Game specifically because of the request's religious nature.

97. The Policy intentionally places a substantial burden on Cambridge Christian's sincerely held religious beliefs by not allowing Cambridge Christian to partake in its religious tradition of pre-game prayer over the loudspeaker.

98. The Policy is not neutral; and, it is not generally applicable because it prohibits religious speech, and only religious speech, from being broadcast over the loudspeaker.

99. The FHSAA's denial of Cambridge Christian's request for prayer over the loudspeaker, while allowing for secular messages to be delivered over the loudspeaker, constitutes content-based and viewpoint-based discrimination in contravention of the Florida Constitution.

100. The FHSAA lacks any compelling state interest to deny Cambridge Christian's request for prayer over the loudspeaker.

101. The Policy, in fact, does not support any legitimate, much less compelling governmental interest, and it is not narrowly tailored to advance any state interest.

102. Accordingly the Policy, both facially and as applied to Cambridge Christian, violates the Florida Constitution.

103. Thus, the Policy has discriminated against and, without injunctive relief, will continue to discriminate against Cambridge Christian's rights to free exercise of religion and free

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

speech causing irreparable injury for which there is no adequate remedy at law.

WHEREFORE, as to Count IV of this Complaint, Cambridge Christian respectfully requests the following relief:

a.  Preliminary and permanent injunctive relief enjoining the FHSAA from enforcing the Policy and requiring the FHSAA to implement a content-neutral policy for use of the Stadium loudspeaker that does not discriminate against religious speech;

b.  Attorneys' fees and costs incurred as a result of this action; and

c.  Such other and further relief that the Court deems just and proper.

## COUNT V – DECLATORY JUDGMENT (FREE SPEECH AND FREE EXERCISE CLAUSES OF THE FLORIDA CONSTITUTION)

104.  Cambridge Christian incorporates into this Count its responses set forth above in Paragraphs 1 through 59 as if fully set forth herein.

105.  This is an action for declaratory judgment pursuant to 28 U.S.C §§ 2201–2202.

106.  Section 2201 of Title 28 of the United States Code provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ."

107.  A bona fide, actual, concrete, and continuing controversy exists between Cambridge Christian on one hand, and the FHSAA on the other, regarding whether the Policy violates the Free Exercise and Free Speech Clauses of the Florida Constitution.

108.  The resolution of this live controversy requires a determination of the constitutionality of the Policy under the Florida Constitution.

109.  Cambridge Christian seeks to enforce its right to private religious speech and free exercise of religion while the FHSAA denies that Cambridge Christian has any such rights under the circumstances. Thus, Cambridge Christian and the FHSAA have adverse interests regarding whether the Policy violates the Florida Constitution.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

110.    The Policy and position taken by the FHSAA has substantially burdened and adversely affected Cambridge Christian's freedom of religious exercise and freedom of speech rights by refusing Cambridge Christian's requests to pray over the loudspeaker during the 2015 2A FHSAA Championship Game.  This issue touches directly on the legal rights of the parties, and thus requires resolution by this Court.

111.    All of the persons or entities with an interest in this matter are presently and properly before this Court.

112.    The relief sought herein is not a mere advisory opinion, legal advice, or an answer to a question propounded for curiosity, and does not arise from an abstract disagreement.

WHEREFORE, as to Count V of this Complaint, Cambridge Christian respectfully requests the following relief:

   a.    A declaratory judgment pursuant to 28 U.S.C. § 2201 that the Policy violates the Free Speech and Free Exercise Clauses of the Florida Constitution;
   b.    Preliminary and permanent injunctive relief pursuant to 28 U.S.C. § 2202 enjoining the FHSAA from enforcing the Policy and requiring the FHSAA to implement a content-neutral policy for use of the Stadium loudspeaker that does not discriminate against religious speech;
   c.    Attorneys' fees and costs incurred as a result of this action; and
   d.    Such other and further relief that the Court deems just and proper.

## COUNT VI – DECLARATORY JUDGMENT
## (ESTABLISHMENT CLAUSE OF THE FLORIDA CONSTITUTION)

113.    Plaintiff incorporates into this Count its responses set forth above in Paragraphs 1 through 59 as if fully set forth herein.

114.    This is an action for declaratory judgment pursuant to 28 U.S.C §§ 2201–2202.

115.    Section 2201 of Title 28 of the United States Code provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

relations of any interested party seeking such declaration . . . ."

116. A bona fide, actual, concrete, and continuing controversy exists between Cambridge Christian on one hand, and the FHSAA on the other, regarding whether the Policy is required by the Establishment Clause of the Florida Constitution.

117. The resolution of this live controversy requires a determination of whether or not the Establishment Clause of the Florida Constitution requires the Policy's prohibitions regarding prayer over the loudspeaker.

118. The FHSAA believes that allowing Cambridge Christian to pray over the loudspeaker would transform Cambridge Christian's private speech into state-sponsored speech, while Cambridge Christian does not. Thus, Cambridge Christian and the FHSAA have adverse interests regarding whether the Policy violates the Establishment Clause of the Florida Constitution.

119. The Policy and position taken by the FHSAA has substantially burdened and adversely affected Cambridge Christian's freedom of religious exercise and freedom of speech rights by refusing Cambridge Christian's requests to pray over the loudspeaker during the 2015 2A FHSAA Championship Game. This issue touches directly on the legal rights of the parties, and thus requires resolution by this Court.

120. All of the persons or entities with an interest in this matter are presently and properly before this Court.

121. The relief sought herein is not a mere advisory opinion, legal advice, or an answer to a question propounded for curiosity, and does not arise from an abstract disagreement.

WHEREFORE, as to Count VI of this Complaint, Cambridge Christian respectfully requests the following relief:

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

      a.       A declaratory judgment pursuant to 28 U.S.C. § 2201 that the Policy is not required by the Establishment Clause of the Florida Constitution;

      b.       Preliminary and permanent injunctive relief pursuant to 28 U.S.C. § 2202 enjoining the FHSAA from enforcing the Policy and requiring the FHSAA to implement a content-neutral policy for use of the Stadium loudspeaker that does not discriminate against religious speech;

      c.       Attorneys' fees and costs incurred as a result of this action; and

      d.       Such other and further relief that the Court deems just and proper.

## COUNT VII – VIOLATION OF FLORIDA'S RELIGIOUS FREEDOM RESTORATION ACT, FLA. STAT. § 761.03

122.    Cambridge Christian incorporates into this Count its allegations in Paragraphs 1 through 59 as if fully set forth herein.

123.    Pursuant to the Policy, however, the FHSAA denied Cambridge Christian's request for prayer over the loudspeaker during the 2015 2A FHSAA Championship Game specifically because of the request's religious nature.

124.    The Policy intentionally places a substantial burden on Cambridge Christian's sincerely held religious beliefs by not allowing Cambridge Christian to partake in its tradition of pre-game prayer over the loudspeaker as required by its religious mission.

125.    The FHSAA lacks any compelling state interest to deny Cambridge Christian's request for prayer over the loudspeaker.

126.    The Policy, in fact, does not support any legitimate, much less compelling governmental interest, and it is not narrowly tailored to, nor the least restrictive means of, furthering any state interest.

127.    Accordingly the Policy, both facially and as applied, violates Florida Statute § 761.03.

WHEREFORE, as to Count VII of this Complaint, Cambridge Christian respectfully

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

requests the following relief:

    a.     Preliminary and permanent injunctive relief pursuant to Fla. Stat. § 761.03 enjoining the FHSAA from enforcing the Policy and requiring the FHSAA to implement a content-neutral policy for use of the Stadium loudspeaker that does not discriminate against religious speech;

    b.     Attorneys' fees and costs incurred as a result of this action pursuant to Fla. Stat. § 761.04; and

    c.     Such other and further relief that the Court deems just and proper.

## VERIFICATION

I, Tim Euler, am over 18 years of age and am employed as the Head of School of Cambridge Christian School. I am authorized to make this verification on behalf of Cambridge Christian School. I declare that I have read the foregoing Verified Complaint, and I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my personal knowledge, information and belief.

Executed on: September 27, 2016

_____

TIM EULER

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

Date: September 27, 2016

Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Attorneys for Plaintiff Cambridge Christian School.*
333 Avenue of the Americas, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

ELIOT PEDROSA, ESQ.
Florida Bar No. 0182443
pedrosae@gtlaw.com
ADAM FOSLID, ESQ.
Florida Bar No. 0682284
foslida@gtlaw.com
STEPHANIE PERAL, ESQ.
Florida Bar No. 119324
perals@gtlaw.com

and

Hiram S. Sasser*
Texas Bar No. 24039157
Jeremiah G. Dys*
Texas Bar No. 24096415
Justin E. Butterfield*
Texas Bar No. 24062642
FIRST LIBERTY INSTITUTE
2001 W. Plano Parkway, Suite 1600
Plano, Texas 75075
T: (972) 941–4444
F: (972) 941–4457
jdys@libertyinstitute.org
jbutterfield@libertyinstitute.org
    *Application for *pro hac vice* forthcoming